IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Exclusive Supplements, Inc. | No. 2:15-cv-00399-CB |
| **Plaintiff,** | (Electronically Filed) |
| v. | **JURY TRIAL DEMANDED** |
| Glukos Company Inc., and KCB Sports Marketing | |
| **Defendants.** | |

## AMENDED COMPLAINT

Plaintiff, Exclusive Supplements, Inc., by and through its attorney, Michael E. Hughes, Esq., and pursuant to Federal Rules of Civil Procedure Rule 15 (a)(1)(A), files this Amended Complaint against Defendants, Glukos Company, Inc. and KCB Sports Marketing, seeking injunctive and other relief, and in support thereof avers as follows:

### JURISDICTION AND VENUE

1. This civil action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Thus, this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1).

2. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred within this district.

3. This Court has personal jurisdiction over Defendants by virtue of their doing business in this Commonwealth and, in particular, within this judicial district.

2014-01209

## PARTIES

4. Exclusive Supplements, Inc. ("Plaintiff" or "ESI") is a Pennsylvania Corporation with an address of 3000 Casteel Dr., Coraopolis, PA 15108.

5. Defendant Glukos Company Inc. ("GLUKOS") is a Delaware Corporation with its principal place of business located at 29930 SW Harris Place, Suite 6, Gresham, OR 97080; and its registered agent located at c/o National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, Delaware, 19904.

6. KCB Sports Marketing ("KCB") is private company whose primary place of business is located at 1015 NE 97th Street, Miami Shores, FL 33138

## FACTS

7. ESI markets, distributes, and sells dietary and other nutritional supplements and related products to consumers throughout the country, under various brand names such as "BioRhythm" and "Afterglow."

8. GLUKOS markets, distributes, and sells dietary and other nutritional supplements and related products to consumers throughout the country.

9. GLUKOS and ESI are competitors in the supplement industry.

10. Antonio Brown ("Brown") is a Pittsburgh Steelers all-pro wide receiver.

11. KCB represents Brown and assists him in negotiating endorsement agreements.

12. On November 8, 2014, Brown entered into an Endorsement Agreement with ESI (a copy is attached as Exhibit A).

13. The Endorsement Agreement contains the following Non-Competition Clause:

> NON-COMPETITION. [Brown] will not enter into any endorsement agreements, or any other agreements, with any companies who compete, either directly or indirectly, in the

supplements industry, with [ESI] or whose products compete, either directly or indirectly, with any of [ESI's] products.

See Exhibit A ¶ 11.

14. As of the date of filing of this complaint, Brown has neither terminated the Endorsement Agreement nor provided ESI with notice of his intent to terminate the Endorsement Agreement.

15. At all relevant times, GLUKOS and KCB were acting collectively.

16. At some point after November 8, 2014, but prior to March 23, 2015, KCB, who at all times was aware of the agreement between Brown and ESI, induced Brown into entering into an agreement with GLUKOS in clear violation of the aforementioned noncompetition clause.

17. On March 23, 2015, GLUKOS issued a press release indicating that it had signed Brown to promote its products (a copy of this press release is attached as Exhibit B).

18. In its press release, GLUKOS announced its intent to use Brown's image and likeness in point-of-sale ads, digital ads, and possibly on packaging. See, Exhibit B.

19. On or about May 23, 2015 the front page of GLUKOS' website featured a picture of Brown and the tagline "Antonio Brown is on Team Glukos" (a copy of this attached as Exhibit C

20. Brown was also listed on GLUKOS' websites as one of its athletes (a copy of this webpage is attached as Exhibit D).

## COUNT I
### Exclusive Supplements, Inc. v. all Defendants
### Intentional Interference with a Contractual Relationship

21. Plaintiff incorporates all preceding paragraphs as if set forth fully herein.

22. ESI and Brown are parties to a valid and enforceable contract.

23. Defendants knew, or reasonably should have known, that Brown was contractually obligated to exclusively promote ESI's products.

3

24. Defendants improperly induced Brown to violate the non-competition clause of his contract with ESI, for the specific purpose of harming the existing contractual agreement between ESI and Brown.

25. Defendants had no privilege or justification for interfering with the contractual relationship between ESI and Brown.

26. As proximately caused by Defendants' interference, ESI lost, and will continue to lose, the customers and market share it derived from its association with Brown.

27. As a result of Defendants' interference, ESI been damaged in an exact amount to be proven at trial.

28. ESI has and will continue to incur significant losses caused by the last-minute defection of its spokesperson.

29. Defendants' interference was willful, malicious, oppressive, and in conscious disregard of ESI's contractual rights; therefore, it constitutes outrageous conduct that would support an award of punitive damages.

## COUNT II
### Exclusive Supplements v. All Defendants
### Civil Conspiracy

30. Plaintiff incorporates all preceding paragraphs as if set forth fully herein.

31. At all relevant times, GLUKOS and KCB were acting together with a common purpose with the intent to do unlawfully interfere with the contractual relationship between ESI and Brown.

32. In furtherance of that purpose, the Defendants intentionally misled or coerced Brown into entering into an agreement with Defendants that would clearly violate the noncompetition provision in his Endorsement Agreement with ESI.

4

33. Defendants induced Brown to breach the noncompetition provision in his Endorsement Agreement with ESI for the specific purpose of injuring ESI's brand and damaging its reputation.

34. As a proximate and legal result of Defendants' unlawful acts, Plaintiff suffered damages in the form of lost sales, loss of goodwill, and loss of reputation.

35. Defendants' actions were willful, malicious, oppressive, and in conscious disregard of ESI's contractual rights; therefore, it constitutes outrageous conduct that would support an award of punitive damages.

## COUNT III
### Exclusive Supplements, Inc. v. Glukos Company, Inc.
### Preliminary Injunction

36. Plaintiff incorporates all preceding paragraphs as if set forth fully herein.

37. Brown is associated, both with the public and within the industry, as a spokesperson for ESI, e.g., as recently as March 18, 2015, he appeared at The Arnold Fitness EXPO[1] on behalf of ESI in order to promote its BioRhythm product line (a press release is attached as Exhibit E).

38. By using Brown's name and likeness to promote its products, GLUKOS is acting in such a manner that constitutes an ongoing violation that can only be remedied by equitable relief in the form of a Preliminary Injunction.

39. Absent injunctive relief, GLUKOS will continue to engage in the unlawful acts.

40. Preliminary injunctive relief is required because ESI has and will continue to suffer irreparable harm as a result of having its star spokesperson endorse a direct competitor.

---

[1] The Arnold Fitness EXPO is the largest annual event in the sports and nutrition supplement industry.

41. ESI has no plain, speedy, or adequate remedy at law; therefore the following injunctive relief is appropriate:

a. An immediate Preliminary Injunction requiring GLUKOS to remove any and all social media posts, internet posts, and any other references related to Brown on any of its social media or other internet sites; and barring it from making any future such social media posts;

b. An immediate Preliminary Injunction barring GLUKOS from using Brown's name, face, likeness, etc., to promote its products; and

c. An immediate Preliminary Injunction requiring GLUKOS to destroy any and all promotional or advertising material in which Brown endorses GLUKOS's products.

## PRAYER FOR RELIEF

Plaintiff requests an award of compensatory damages in excess of $75,000, punitive damages, reasonable costs and counsel fees, and injunctive relief as follows:

(a) an immediate Preliminary Injunction requiring GLUKOS to remove any and all social media posts, internet posts, and any other references related to Brown on any of its social media or other internet sites; and barring it from making any future such social media posts,

(b) an immediate Preliminary Injunction barring GLUKOS from using Brown's name, face, likeness, etc., to promote its products, and

(c) an immediate Preliminary Injunction requiring GLUKOS to destroy any and all promotional or advertising material in which

Brown endorses GLUKOS's products, plus such other relief as the Court shall deem to be appropriate.

Respectfully submitted,

/s/ *Michael E. Hughes*
Michael E. Hughes, Esq.
Pa. ID # 93958

*Counsel for Plaintiff,*
*Exclusive Supplements, Inc.*

Michael Hughes & Associates, LLC
355 Fifth Avenue, Suite 1416
Pittsburgh, PA 15222
Telephone: (412) 281-9104
Fax: (412) 774-9272
Email: meh@mh-lawllc.com